## CENTRAL DISPENSARY AND EMERGENCY HOSPITAL, Inc., et al. v. HARBAUGH.

### No. 9814.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 10, 1949.

Decided April 4, 1949.

As Amended on Petition for Rehearing
May 10, 1949.

CLARK, Circuit Judge, dissenting.

Mr. J. Harry Welch, of Washington, D. C., with whom Messrs. John Ryan Daily, H. Mason Welch and Carl W. Berueffy, all of Washington, D. C., were on the brief, for appellants.

Mr. Maxwell A. Ostrow, of Washington, D. C., with whom Messrs. Robert C. Hand-werk, Jordan R. Bentley and Donald K. Staley, all of Washington, D. C., were on the brief, for appellee.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a civil action for malpractice of medicine, professional negligence, and false arrest. Trial was had before a jury and a verdict rendered for the·plaintiff-appellee.

■ Appellants argue that the court erred in submitting the case to the jury, on the ground that there was no evidence from which the jury could determine that the defendants were negligent. We have no manner of doubt that there was sufficient evidence on this score. But we are of opinion, as appellants also argue, that the trial court erred in a substantial respect in its instruction to the jury. For this latter reason, the judgment must be reversed.

■ The appellee was found in an unconscious condition and removed by the police, upon the direction of a physician, to the appellant hospital. The appellant doctor was on duty in the emergency room. He gave the patient an extensive physical and neurological examination, but without either blood or urine tests. He discovered no abnormalities to account for the coma. He revived her with an ammonia fluff. He then inquired whether she had been drinking. She said that she had, "too much and too long." There was no odor of alcohol on her breath. She lapsed into unconsciousness and was revived a second time. The doctor concluded that she was suffering from acute alcoholism and released her to the custody of the police. The officers assisted her in walking from the hospital and took her to the Women's Bureau, where she remained for several hours. She was then taken to another hospital, and five days later an operation was performed, in which a blood clot was removed from her brain. As of the time of the trial, she was a complete invalid, bedridden, a patient in a nursing home.

The testimony upon the trial was that approved practice by physicians in this jurisdiction, exercising ordinary care and skill, requires blood or urine analysis as a pre-

requisite to a diagnosis of acute alcoholism in the case of an unconscious patient. The testimony also was that appellee was a life-long teetotaler.

It seems clear from the evidence that appellants had no part in causing the cerebral injury of the appellee, and, therefore, they were not responsible for injury or damage from that cause. They were responsible only for such injury and damage, if any, as resulted from their negligence. The case, as it went to the jury, with the evidence of negligence on the part of appellants and with evidence of the distressing then-present condition of the appellee, required from the court a careful instruction to the jury defining the limit of appellants' responsibility and the proper measure of damages. This instruction was necessary under the rules of law relating to proximate cause. We do not find such an instruction in the charge of the court. There was a reference to the fact that the plaintiff was suffering from a cerebral hemorrhage, to testimony of a physician that the exercise which she was required to take probably aggravated her condition, and a direction that the measure of damages was something for the jury to consider. The trial court refused to instruct the jury that "before the plaintiff can recover, the burden of proof is upon her to prove by a fair preponderance of the evidence * * * that the alleged negligence was the proximate cause of the injuries concerning which she complains." This error was prejudicial, for no equivalent instruction was given. There was no instruction to the effect that the only injury for which appellants were liable in damages, was such injury, including the aggravation of any existing condition, as flowed from their negligence, and could not include damages for any other condition from which appellee might be suffering.[1]

The judgment of the District Court must be reversed, and the case is remanded with instructions to grant a new trial.

Reversed and remanded.

CLARK, Circuit Judge (dissenting).

I dissent for the reason that I consider this one of the most flagrant and disgraceful malpractice cases that has ever fallen under my observation. The appellee was taken into the hospital in an unconscious condition suffering from a condition that could have been readily recognized if certain well-recognized tests such as the urine test and the blood test had been applied. The physician—appellant callously refused or failed to apply these tests and turned the patient over to the police as a drunk. She was hauled away to the Women's Bureau, where she was confined for several hours. On removal to another hospital where she had the attention of real physicians it was found that she was suffering from a blood clot on the brain, and an operation was performed. At the time of the trial she was a complete invalid and the inmate of a nursing home.

I think that on this record of neglect and callousness the jury was entirely entitled to conclude that the patient's condition was aggravated by the treatment she had received. I see no error in the instructions. While it might well have been more specific and more amplified on the question of proximate cause I find no ground for reversal.

I favor affirmance.

On Petition for Rehearing.

PRETTYMAN, Circuit Judge.

Appellee urges that the judgment of this court is erroneous, because appellants did not request or the trial court refuse an instruction of the sort discussed in our opinion.

The trial court refused to instruct the jury that "before the plaintiff can recover, the burden of proof is upon her to prove by a fair preponderance of the evidence * * * that the alleged negligence was the proximate cause of the injuries concerning which she complains." This error was prejudicial, for no equivalent instruction was given.

---

[1] Cases on the point are collected in annotations at 59 A.L.R. 884 et seq. and 65 A.L.R. 1031, and in notes to the text at 41 Am.Jur., Physicians and Surgeons § 133, and 15 Am.Jur., Damages § 80; see also Winstead v. Hildenbrand, 1946, 81 U.S.App.D.C. 368, 159 F.2d 25. We need not discuss the cases here.

Lest our opinion be misunderstood as violating Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., it will be modified by inserting before the last two sentences of the opinion (just before "There was no instruction', etc.), the two sentences just above-written.